NO. 07-08-0363-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-08-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 4, 2009
______________________________

DONALD ELIJAH MATTHEWS, JR., 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 57,858-A & 57,859-A; HON. HAL MINER, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant Donald Elijah Matthews, Jr. was convicted of violating a protective order
and committing arson. He contends that the evidence is both legally and factually
insufficient to sustain those convictions. We disagree and affirm the judgments. 
Â Â Â Â Â Â Â Â Â Â Standard of Review
Â Â Â Â Â Â Â Â Â Â The applicable standards of review are explained in Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim.
App. 2006) and their progeny. We refer the parties to those cases. 
Â Â Â Â Â Â Â Â Â Â Violation of a Protective Order
Â Â Â Â Â Â Â Â Â Â Appellant was initially charged with intentionally or knowingly violating the terms of
a protective order issued under Chapter 85 of the Texas Family Code. The violation
occurred, according to the indictment, through his intentionally or knowingly committing
family violence against Lakesha Matthews (his wife) by assaulting her on or about May 10,
2008. According to appellant, the act in which he engaged on May 10, 2008, was too
vague to constitute an assault. That act involved his threatening to âgetâ Lakesha. The
utterance was made through the window of his car as he drove it next to hers early that
morning. 
Â Â Â Â Â Â Â Â Â Â According to the record, the protective order was issued in March of 2008 and
remained effective until March of 2009. Between the date of its issuance and through May
10, 2008, appellant had not only told Lakesha that he was going to âgetâ her, he had also
rammed his car into hers on May 6, 2008, while she was driving it. So too had he entered
Lakeshaâs car in April of 2008, bit her finger, made it bleed, and sat on her as he drove the
vehicle across a park. Each of those instances happened after the issuance of the
protective order and on or before May 10, 2008. And, because the indictment was not
written in such a way as to restrict the assault to any one of those events, the record
contains more than some evidence illustrating that appellant assaulted Lakesha on or
before May 10, 2008, in violation of the protective order.


 And, the juryâs verdict to that
effect is supported by more than weak evidence, is not contradicted by the great weight of
the evidence, and is manifestly just. Because the conviction is supported by both legally
and factually sufficient evidence, we overrule the issue.
Â Â Â Â Â Â Â Â Â Â Arson
Â Â Â Â Â Â Â Â Â Â Next, appellant attacks the sufficiency of the evidence to prove he committed arson. 
That is, he does not contest the evidence of a fire being started in a rear bedroom of the
house. He simply suggests that the evidence fails to show that he started it. He believes
this to be so since the testimony uttered by the only witness that saw him both contradicted
that of the fire investigator and came from someone who disliked him. We overrule this
issue as well.
Â Â Â Â Â Â Â Â Â Â The witness in question was Lakeshaâs daughter, who happened to be appellantâs
step-child. She testified to seeing appellant return to the house on the morning of May 10,
2008, after he said he would âgetâ Lakesha, hearing breaking glass, seeing some cloth-like
material that was ablaze enter the rear bedroom through the window, seeing appellant at
the rear window of the bedroom in which the fire started, and then seeing him run out of
the back yard. Admittedly, portions of her testimony about what in the bedroom first ignited
differed from that of the fire investigator who testified. So too did the investigator indicate
that he believed the rear bedroom window was intact during the blaze. Yet, neither of
those matters dealt with the identity of who started the fire. That is, the fire chiefâs
testimony did not indicate that someone other than appellant started it. Moreover, pictures
of the rear window actually suggest that it was broken since all that remained was a
burned, framed opening without glass. 
Â Â Â Â Â Â Â Â Â Â As for the likelihood that the witness disliked appellant, that matter simply created
credibility issues, as did the purported contradictions mentioned above. And, since it fell
to the jury to weigh and resolve them, it could choose whether to believe the step-child
when she identified appellant as the one who set the fire. See Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008) (stating that it falls within the province of the jury
to resolve credibility issues). Finally, the step-childâs testimony, if believed by the fact
finder, was more than sufficient for a rational trier of fact to believe beyond a reasonable
doubt that appellant started the fire with intent to destroy or damage the habitation. See
Tex. Penal Code Ann. Â§28.02(a)(2)(A) (Vernon Supp. 2009) (stating that a person commits
arson if the person starts a fire, regardless of whether the fire continues after ignition, or
causes an explosion with intent to destroy or damage a habitation knowing that it was
within the limits of an incorporated city or town). And, we cannot say that any
contradictions in the evidence regarding tangential issues, the witnessâ supposed bias, or
even testimony from appellantâs mother suggesting that appellant was home undermines
in any way our confidence in the verdict. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the judgments of the trial court are affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice 
Â 
Do not publish. 



Used="false" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00292-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



JULY
7, 2011

Â 



Â 

DOMINIC TOMLINSON, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE CRIMINAL DISTRICT COURT NO.
3 OF TARRANT COUNTY;

Â 

NO. 1169831D; HONORABLE ELIZABETH BERRY, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â  Appellant, Dominic Tomlinson, entered a plea of guilty to
the offense of aggravated robbery.[1]Â  After entry of appellantÂs plea of guilty, the
trial court ordered the preparation of a pre-sentence investigation
report.Â  Subsequently, the trial court
conducted a hearing on punishment.Â 
Following the receipt of evidence on punishment, appellant was sentenced
to confinement for a period of 20 years in the Institutional Division of the
Texas Department of Criminal Justice.Â 
Appellant appeals the judgment of the trial court.Â  We will affirm the judgment of the trial
court.

Appellant=s attorney has filed an Anders
brief and a motion to withdraw.Â  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).Â  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal can
be predicated.Â  Id.
at 744-45.Â  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment.Â 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.Â  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).Â  The court has also advised appellant of his
right to file a pro se response.Â 
Appellant has not filed a response.Â 
By his Anders brief, counsel reviewed all grounds that could
possibly support an appeal, but concludes the appeal is frivolous.Â  We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal.Â 
See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).Â  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Â 

Accordingly, counsel=s motion to withdraw is hereby
granted, and the trial court=s judgment is affirmed.[2]

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Justice

Do not publish. 

Â 











[1]
See
Tex. Penal Code Ann. Â§ 29.03(a) (West 2011).





[2] Counsel shall, within five days after this opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of appellant=s right to file a pro se petition for
discretionary review.Â  See Tex. R. App. P. 48.4.